1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOWEN,<br><br>                       Petitioner,<br><br>   vs.<br><br>DIRECTOR OF CALIFORNIA<br>DEPARTMENT OF CORRECTIONS,<br><br>                    Respondent. | CASE NO. 13-CV-1606 JLS (PCL)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 15) |

On June 18, 2013, Petitioner Thomas Bowen ("Petitioner") filed a petition for writ of habeas corpus in the Central District of California. (ECF No. 1.) On July 10, 2013, Judge John A. Kronstadt dismissed Petitioner's civil rights claims without prejudice and transferred the action to the Southern District of California. (ECF No. 3.)

On July 23, 2013, this Court issued its Order Dismissing Case Without Prejudice. (ECF No. 6.) The Court ordered dismissal without prejudice because Petitioner had failed to (1) either pay the filing fee or move to proceed *in forma pauperis*, (2) allege exhaustion of state judicial remedies, and (3) use a court-approved form pursuant to Civil Local Rule HC.2(b). (*See id.* at 4.) The Court instructed Petitioner that, "[t]o have this case reopened, **no later than <u>September 20, 2013</u>**, Petitioner must either pay the filing fee **or** submit an application to proceed in forma pauperis **and** file a First Amended Petition, that cures the pleading deficiencies set forth above." (*Id.*)

Rather than refiling his petition and either paying the filing fee or moving to proceed *in forma pauperis*, on December 12, 2013, Petitioner appealed to the Ninth Circuit. (ECF No. 10.) This Court is now obliged to determine whether a certificate of appealability should issue in this matter. (ECF No. 15.)

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a petition is dismissed on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability

> should issue if the prisoner can show: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."

*Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir.2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because both of these components are necessary to obtain a certificate of appealability, the U.S. Supreme Court has encouraged district courts to address the procedural prong first. *See Slack*, 529 U.S. at 485; *see also Petrocelli v. Angelone*, 248 F.3d 877, 884 & n.6 (9th Cir.2001).

Here, jurists of reason would not find this Court's procedural ruling debatable. Petitioner alleged neither exhaustion of state remedies nor either "an absence of available State corrective process" or that such process would be ineffective. Accordingly, under 28 U.S.C. § 2254(b)(1), this Court cannot consider the merits of Petitioner's habeas petition, and this Court had discretion to dismiss Petitioner's petition without prejudice. *See Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002) (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)) ("If a petitioner's claims are unexhausted, the district court can dismiss the petition without prejudice to give the prisoner a chance to return to state court to litigate his unexhausted claims before he can have the federal court consider his claims."); *see also Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991) (citation omitted).

Moreover, it is unquestionable that Petitioner has neither paid the requisite filing fee nor moved to proceed *in forma pauperis*. The Court was entitled to dismiss

Petitioner's petition without prejudice for this failing. *See Young v. United States*, 465 F. App'x 597, 598 (9th Cir. 2012) (citations omitted) (finding that "[t]he district court did not abuse its discretion by dismissing the action because [the petitioner] failed to pay the filing fee").

In light of the foregoing, no reasonable jurist would find the Court's Order Dismissing Case Without Prejudice to be debatable. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

DATED: August 1, 2014

Honorable Janis L. Sammartino
United States District Judge

13cv1606